Chief Justice Robertson
delivered the opinion of the court.
Thomas Williams sued Archibald Botts in trespass “de bonis asportatisA Botts pleaded not guilty, with leave to prove any thing which would be admissible under any allowable plea» Under this issue he offered to prove, that as deputy sheriff' he took the chattels in virtue of a fieri facias, delivered to him. to levy on the property of Williams, who was the defendant in the execution. But the circuit court would not permit him to read the execution as evidence; and the jury found a verdict against him for damages, for which, judgment was rendered.
The only reasons assigned for the rejection of the execution are:
1st. Because it issued in favor of “Thomas Williams” against “Thomas Williams.”
2d. Because the clerk’s name was not subscribed immediately below the writ, but was interrupted by a memorandum.
These objections are clearly insufficient. It was not impossible for one “Thomas Williams” to obtain a judgment against another “Thomas Williams;” unless it be impossible for two persons to have the same name.
The position for the clerk’s signature is not defined by law. Nor would a writ be void merely for want of an actual subscription of the clerk’s name. “ Witness, Thomas Helm, clerk of our said court f if written by himself, or by an authorized deputy, would have been a sufficient attestation. “Witness ourself at West-minister,” was the common law attestation of judicial writs in England. Besides, the clerk’s name was actually and sufficiently subscribed.
The execution was therefore, not void; and of course was admissible evidence in justification.
But if it had been proper to exclude the execution, the circuit court erred in its refusal to grant a new *63 trial. The proof did not show that T. Williams had any cause of action. He did not prove that the property belonged to him, or that he was possess^ or was entitled to take the possession of it when the execution was levied upon it. Except for injuries to slaves, trespass cannot be maintained by any other than the person whose actual possession has been disturbed, or the owner who, though not in the actual possession, had, at the time of intrusion, the legal possession; and had also, the legal right to the immediate actual possession.
Trespass can only be maintained by a person whose actual possession has been disturbed, or by the owner of the property, who though not in actual possession, had the right to immediate actual possession.
James Trimble, for plaintiff; Denny, for defendant.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded for a new trial.